**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

GUY M. DUGAN, et al.,              )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )       1:20mc27
                                   )
PILIANA M. SCHAMENS, et al.,       )
                                   )
                Defendants.        )


### <u>MEMORANDUM OPINION AND ORDER</u>

This case comes before the Court on the "Motion for Hearing" (Docket Entry 8 (the "Hearing Motion")) filed by Piliana M. Schamens and David W. Schamens (the "Schamenses"), acting pro se. For the reasons that follow, the Court will grant in part and deny in part the Hearing Motion.

### <u>BACKGROUND</u>

Approximately three years ago, Guy M. Dugan, Karen Dugan, and Mark S. Dugan (the "Plaintiffs") obtained a default judgment (the "Judgment") against the Schamenses as well as Invictus Capital Growth and Income Fund, LLP; Invictus Asset Management, LLC; Invictus Income Fund; Invictus Real Estate Investment, LLP; Invictus Funds, LLC; Tradedesk Financial Group, Inc.; Tradedesk Financial Corp.; Tradestream Analytics, Ltd.; Invictus Capital Growth Fund, LLP; Invictus Holdings, LLP; and Tradedesk Capital, LLC (together with the Schamenses and excluding Invictus Holdings,

LLP, the "Defendants")[1] in the United States District Court for the Western District of North Carolina (the "Western District").  See Dugan v. Schamens ("Dugan"), No. 3:15CV366, 2017 WL 4366747, at *4 (W.D.N.C. Oct. 2, 2017) (unpublished) (granting Plaintiffs default judgment on "claims of fraudulent inducement, fraud, breach of fiduciary duty, constructive fraud, conversion, securities fraud, piercing the corporate veil, civil conspiracy, and unjust enrichment and constructive trust").  After an unsuccessful motion to set aside the Judgment, see Dugan, ECF No. 75 (Apr. 24, 2019) (order denying motion), the Schamenses, acting pro se, noticed an appeal to the United States Court of Appeals for the Fourth Circuit, Dugan, ECF No. 76 (Apr. 29, 2019).

While that appeal remained pending, Plaintiffs moved, pursuant to 28 U.S.C. § 1963, to register the Judgment in this District. Dugan, ECF No. 80 (Aug. 11, 2020).  The Western District granted that motion, concluding that "Plaintiffs ha[d] demonstrated good cause to register the Judgment" notwithstanding the appeal.  Dugan v. Schamens, No. 3:15CV366, 2020 WL 7872691, at *1 (W.D.N.C. Oct. 20, 2020) (unpublished) (crediting Plaintiffs' contentions that Defendants lacked assets in the Western District and "that Defendants [had] purchased real property located in the Middle District of North Carolina").  On November 3, 2020, Plaintiffs

_____

    1  With the exception of Invictus Holdings, LLP, the list of Defendants reflected in the CM/ECF caption in this action includes all parties against whom Plaintiffs obtained the Judgment.

2

served the Schamenses with a "Notice of Registration of Judgment in Another District" (Docket Entry 1-2 at 1-2 (standard capitalization applied)).

Around that same time, the Fourth Circuit issued a ruling on appeal, noting that the Schamenses had purported to appeal, pro se, on behalf of themselves and the entities against whom Plaintiffs had obtained the Judgment. See Dugan v. Schamens, 833 F. App'x 981, 983 (4th Cir. 2020) ("[T]he Schamens[es ]were not represented by counsel at any point while this case was pending before the [Western District]. That includes when they filed their notice of appeal."). However, "a corporation may appear in the federal courts only through licensed counsel," id. (quoting In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014)). Although counsel for the entities eventually entered an appearance, the Fourth Circuit deemed that appearance "more than six months after the Schamenses noticed the appeal . . . too late to cure the defect." Id. at 984. As a result, no appellate jurisdiction existed as to those entities. Id. For that reason, the Fourth Circuit did not reach the Schamenses' argument (raised for the first time on appeal) that a lack of subject-matter jurisdiction invalidated the Judgment, id. at 982, or Plaintiff's motion "to voluntarily dismiss [Invictus Capital Growth and Income Fund, LLP], the alleged diversity spoiler," id. at 983. Instead, "[it] remand[ed] with instructions that the [Western District] consider [Plaintiffs']

motion to voluntarily dismiss [Invictus Capital Growth and Income Fund, LLP] in the first instance." *Id.* at 984. Following that mandate, no pertinent activity has occurred in *Dugan*. *See Dugan*, ECF Nos. 96–99 (November 2020 mandate and subsequent filings).

On July 21, 2021, Plaintiffs moved in this action for "a notice from the [C]ourt . . . advising [Defendants] of their rights pursuant to Rule 69[ of the] Federal Rules of Civil Procedure [("Rule 69")], and the Constitution and laws of North Carolina." (Docket Entry 3 (the "Motion for Issuance") at 1.) Plaintiffs served the Motion for Issuance on the Schamenses (*id.* at 2), who acknowledged receipt of the same (*see* Docket Entry 8 at 1). Shortly thereafter, the Clerk granted the Motion for Issuance (Docket Entry 4) and issued a "Notice of Right to Have Exemptions Designated" (Docket Entry 5 at 1–2 (the "Notice") (standard capitalization applied)) with an attached "Notice to Claim Exempt Property (Statutory Exemptions)" (*id.* at 3–7 (the "Motion") (standard capitalization applied)).

The Notice advises the recipient (i.e., the judgment debtor) that "[a] judgment has been entered against you . . . in which you have been ordered to . . . pay money over" (*id.* at 1). The Notice further provides the following guidance to the judgment debtor:

> The judgment creditor (person who has the judgment against you) is now seeking to collect this judgment and has asked [the Clerk of Court] to give you notice of your rights. Under the Constitution and laws of North Carolina, you have the right to exempt from the collection of the judgment certain of your property (in

4

other words, to keep it from being taken away from you).
If you wish to keep your exempt property, you MUST fill
out the attached Motion . . . and mail or take it to the
Clerk of Court at the address listed below.  You MUST
also mail or take a copy to the judgment creditor at his
address listed below.  The law gives you another option
of requesting, in writing, a hearing before the Clerk to
claim your exemptions.  If you make a written request for
a hearing, you will be notified of the time and place of
the hearing when you may claim your exemptions.

It is important that you respond to this Notice no later
tha[n] twenty (20) days after it was served on you
because you will lose valuable statutory rights if you do
nothing.  If you do not respond, you will give up your
right to statutory exemptions[,] and the judgment
creditor may be able to take any or all of your property
to satisfy the judgment. You have certain constitutional
rights you may claim if you give up your statutory
rights.  You may wish to consider hiring an attorney to
help you with this proceeding to make certain that you
receive all the protections to which you are entitled.

(Id.)

The Notice separately outlines how the judgment creditor may
effect and prove service.  (See id. at 2.)  More specifically, a
judgment creditor can either send the Notice and Motion to a
judgment debtor by certified mail, return receipt requested, or
serve the Notice and Motion via "any person who is not a party and
who is at least 18 years of age following the procedures set forth
in Federal Rule[] of Civil Procedure[] 4(e)(2)."  (Id.)  To prove
service by certified mail, the judgment creditor must file a
notarized affidavit "asserting that (1) a copy of the
[N]otice . . . and Motion . . . was deposited in the U.S. mail for
mailing by registered or certified mail, return receipt requested;
(2) it was in fact received as evidenced by the attached registry

5

receipt or other evidence of delivery; and (3) the genuine receipt or other evidence of delivery is attached." (Id.) Alternatively, "[i]f . . . attempted service by certified or registered mail or personal service fails, [the judgment creditor] may then serve the judgment debtor by mailing a copy of the [N]otice and [M]otion to him at his last known address." (Id.)

On July 23, 2021, Plaintiffs sent the Notice and Motion to the Schamenses by certified mail, return receipt requested. (See Docket Entry 10-5 at 2–9.) Delivery to Piliana Schamens failed, resulting in a package returned to Plaintiffs as "not deliverable as addressed, unable to forward" (Docket Entry 10-6 at 1). On August 11, 2021, Plaintiffs served Piliana Schamens via the Guilford County Sheriff's Office. (See Docket Entry 6 (Return of Service) at 1–2.) On August 17, 2021, Plaintiffs filed an affidavit regarding service by certified mail on David Schamens (see Docket Entry 7 ("Affidavit of Service")), together with a signed return receipt reflecting that an agent for David Schamens had accepted the package on July 26, 2021 (see Docket Entry 7-1 at 1 (signed "D. Schamens")).

That same day, the Schamenses filed the Hearing Motion, "request[ing] a hearing with the Clerk of Court to determine what exemptions may be allowed and secondly when such exemptions should be designated and filed." (Docket Entry 8 at 1.) However, the Schamenses have disputed proper service of the Notice and Motion,

6

contending that (i) Piliana Schamens had received only the Motion, not the Notice (id. at 1-2) and (ii) David Schamens had received nothing "[t]o date" ((id. at 2).  The Schamenses have stated that the Guilford County Sheriff's Deputy advised them that he needed to retain the Notice ("pages 1-2" (id. at 1)) and provided only the Motion ("pages 3-7" (id.)) to Piliana Schamens.  As concerns service on David Schamens, he has asserted that, (i) contrary to the Affidavit of Service, he had not received service of the Notice and Motion, (ii) the signature on the return receipt did not belong to him, (iii) he had not designated an agent or authorized anyone to receive his mail on his behalf, and (iv) he did not know the identity of the person who had signed his name on the return receipt.  (See Docket Entry 9 at 1.)

According to the Schamenses, despite their admitted receipt of the Motion for Issuance (which included the case number in this action (see Docket Entry 3 at 1)), Plaintiffs' failure to serve the Notice on Piliana Schamens (and either document on David Schamens) left the Schamenses with "no idea what the case number was, nor the instructions of what to do, nor any idea of [what] their rights were" (Docket Entry 8 at 2).  Shortly after service of the Motion on Piliana Schamens, David Schamens called the Clerk of Court and located the Notice on the Western District's website.  (Id. at 2.) The Schamenses filed the Hearing Motion "to not risk any waiver of

7

any rights" (id. (expressing intent to preserve objection based on lack of proper service)).

Plaintiffs opposed the Hearing Motion, arguing that (i) Piliana Schamens had received "the relevant pages" (Docket Entry 10 (the "Response") at 6) of the Notice and Motion and (ii) the United States Postal Service had delivered the Notice and Motion to David Schamens in accordance with their modified procedures during the COVID-19 pandemic (id. at 5–6). More specifically, Plaintiffs have contended that those modified procedures direct mail carriers to enter customer information on return receipts (after verifying the customer's first initial and last name) to minimize close physical contact between the carrier and the customer. (See id.; see also Docket Entry 10-7 at 1–3.) Furthermore, Plaintiffs have challenged the Hearing Motion as "a delay tactic" (Docket Entry 10 at 7), noting that the Schamenses similarly had requested a hearing in North Carolina state court after an entity in which Plaintiffs possess an interest attempted to collect on another judgment against Defendants (see id. at 3–4 (describing "First State Court Action" and collection efforts)). Per Plaintiffs, in that instance, the Schamenses failed to designate their exemptions during the hearing and instead requested additional time to do so. (See id.) Plaintiffs have maintained that the Schamenses' eventual submissions of such designations demonstrate that they "know and understand this process." (Id. at

7.)  For those reasons, Plaintiffs have requested an order stating "that David Schamens has waived his exemptions and set[ting] a 7-day deadline for Piliana Schamens to file and serve her claimed exemptions."  (Id. at 8.)

The Schamenses replied, challenging various assertions in the Response (see Docket Entry 13 at 1–3) and maintaining that federal law "allow[s] a right to a hearing" (id. at 3).  The Schamenses have indicated that the topics for such hearing include "changed circumstances as a result of Plaintiff[s'] actions in this case" (id.), and "issues regarding the case in general that require counsel to be present, i.e. the entire issue of no proceedings pending and further, what is exempt and what is not exempt."  (Id.) As concerns "proceedings pending" (id.), the Schamenses have pointed out that the Fourth Circuit remanded Dugan to the Western District with instructions to consider "Plaintiffs['] motion to dismiss non-diverse parties" (id. at 1).  Per the Schamenses, "Plaintiffs have failed to re-file [such] motion in the Western District" (id. at 2), the denial of which "would likely dismiss th[at] case and vacate the [J]udgement [sic]."  (Id.)[2]

---

2   For their part, Plaintiffs have contended that "[t]he [Fourth Circuit] left the Judgment undisturbed."  (Docket Entry 10 at 2.)

## **DISCUSSION**

I. Relevant Standards

According to Rule 69,

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69. Under North Carolina law, a writ of execution may issue after "notice from the court has been served upon the judgment debtor advising the debtor of the debtor's rights." N.C. Gen. Stat. § 1C-1603(a)(4). As concerns one such right, North Carolina law entitles residents "to retain [certain property] free of the enforcement of the claims of creditors," N.C. Gen. Stat. § 1C-1601(a); see also id. (listing twelve types of exempt property). "[A] new notice is required before each execution." In re Pinner, 146 B.R. 659, 660 (Bankr. E.D.N.C. 1992) (discussing Household Fin. Corp. v. Ellis, 107 N.C. App. 262, 419 S.E.2d 592 (1992)).

Regarding the substance of the notice,

> [it] must inform the debtor that:
> a. The judgment debtor has the right to retain an interest in certain property free from collection efforts by the judgment creditor[;]
> b. To preserve that right, the judgment debtor is required to respond to the notice by filing a motion or petition to claim exempt property, including a schedule of assets that are claimed as exempt, no later than 20 days after the debtor receives the notice, and that the judgment debtor must also mail or take a copy to the

10

judgment creditor at the address provided in the notice[;]

c. The judgment debtor has the option to request a hearing to claim exemptions rather than filing a schedule of assets[;]

d. The judgment debtor may have exemptions under State and federal law that are in addition to those listed on the form for the debtor's statement that is included with the notice, such as Social Security benefits, unemployment benefits, workers' compensation benefits, and earnings for the debtor's personal services rendered within the last 60 days[;]

e. There is a procedure for challenging an attachment or levy on the judgment debtor's property[;]

f. The judgment debtor may wish to consider hiring an attorney[; and]

g. Failure to respond within the required time results in the loss of statutory rights.

N.C. Gen. Stat. § 1C-1603(a)(5). "When proceedings are instituted, the judgment debtor must file with the court a schedule of . . . [t]he debtor's assets, including their location" and "[t]he property that the debtor desires designated as exempt." N.C. Gen. Stat. § 1C-1603(c).

Turning to procedural requirements, a judgment creditor must serve the notice on a judgment debtor in a manner provided under North Carolina Rule of Civil Procedure 4 ("Rule 4"), to include mailing by "registered or certified mail, return receipt requested," N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). "If the judgment debtor cannot be served [by one of the prescribed methods], the judgment creditor may serve the judgment debtor by mailing a copy of the notice to the judgment debtor at the debtor's last known address." N.C. Gen. Stat. § 1C-1603(a)(4). Rule 4 likewise governs proof of service, N.C. Gen. Stat. § 1A-1, Rule

11

4(j2), which requires a certificate from "the sheriff . . . or the lawful process officer . . . showing place, time and manner of service," N.C. Gen. Stat. § 1-75.10(a)(1) (if personal service) or an affidavit from the serving party, N.C. Gen. Stat. § 1-75.10(a)(4) (if service by registered or certified mail).[3] "The judgment creditor may prove service by mailing to last known address by filing a certificate that the notice was served indicating the circumstances warranting the use of such service and the date and address of service." N.C. Gen. Stat. § 1C-1603(a)(4).

After service, "the judgment debtor may either file a motion to designate exemptions with a schedule of assets or may request, in writing, a hearing before the clerk to claim exemptions." N.C. Gen. Stat. § 1C-1603(e)(1). Failure by the judgment debtor to respond within 20 days of service will result in the waiver of statutory exemptions. N.C. Gen. Stat. § 1C-1603(e)(2). "If the judgment debtor moves to designate exemptions, a copy of the motion

_____

3 Such an

affidavit[,] together with the return receipt, copy of the proof of delivery provided by the United States Postal Service, or delivery receipt, signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discretion residing in the addressee's dwelling house or usual place of abode.

N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2).

and schedule must be served on the judgment creditor as provided in [North Carolina Rule of Civil Procedure 5]." N.C. Gen. Stat. § 1C-1603(d). Alternatively, "[i]f the judgment debtor requests a hearing before the clerk to claim exemptions, the clerk must set a hearing date and give notice of the hearing to the judgment debtor and judgment creditor." N.C. Gen. Stat. § 1C-1603(e)(4).

Within ten days of such hearing or service of the judgment debtor's motion, the judgment creditor may object to the judgment debtor's exemptions, N.C. Gen. Stat. § 1C-1603(e)(5), resulting in a "hearing by the district court judge," N.C. Gen. Stat. § 1C-1603(e)(7). "If the judgment creditor files no objection to the schedule filed by the judgment debtor or claimed at the requested hearing, the clerk must enter an order designating the property allowed by law and scheduled by the judgment debtor as exempt property." N.C. Gen. Stat. § 1C-1603(e)(6). Thereafter, "[u]pon request of the judgment creditor, the clerk must issue an execution or writ of possession except for exempt property." Id. Finally, "the debtor's exemption may be modified upon a change of circumstances, by motion in the original exemption proceeding, made by the debtor or anyone interested." N.C. Gen. Stat. § 1C-1603(g).

II. Analysis

Under Rule 69, this Court must apply North Carolina law to "[t]he procedure on execution . . . and in proceedings supplementary to and in aid of judgment or execution," Fed. R. Civ.

P. 69(a)(1).  This Court has recognized, at least in a bankruptcy proceeding, that North Carolina law governs "the extent of [a debtor's] exemptions," Hollar v. United States, 188 B.R. 539, 541 (M.D.N.C. 1995) (applying N.C. Gen. Stat. §§ 1C-1601 and 1C-1603); see also United States v. Odom, 838 F.2d 468 (table), 1988 WL 4641, at *1 (4th Cir. Jan. 19, 1988) (noting that North Carolina law allows judgment debtor to "appeal to a district court judge from a clerk's order designating exempt property").  Accordingly, the Court applies North Carolina law in deciding (i) whether Plaintiffs' efforts satisfy Rule 4, and (ii) whether and/or to what extent the Schamenses remain entitled to a hearing.

First, although the Schamenses plainly received actual notice of their obligation to designate exemptions in response to Plaintiffs' attempt to collect on the Judgment (see Docket Entry 8 at 2 (representing that David Schamens used Google to locate missing Notice); Docket Entry 13 at 3 (acknowledging that David Schamens received Notice by email from counsel for Plaintiffs)), neither service on Piliana Schamens nor that on David Schamens strictly complied with Rule 4.  As to Piliana Schamens, North Carolina law requires that she receive notice of her rights as a debtor, see N.C. Gen. Stat. § 1C-1603(a)(5), and the Motion, on its own, does not include all the necessary information (see Docket Entry 10-5 at 5-9).  The Notice itself indicates that the judgment debtor should receive both the Notice and the Motion.  (See id. at

14

4 (requiring process server to "certify <u>this Notice</u> and a copy of [the M]otion . . . were received and served" (emphasis added)).) Because the Notice evidently doubles as the return of service (<u>see</u> Docket Entry 6), a process server should deliver a copy of those pages, rather than withholding them.

As concerns David Schamens, the Affidavit of Service

> raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of [David Schamens] authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discretion residing in the [David Schamens's] dwelling house or usual place of abode.

N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). David Schamens has attempted to rebut that presumption (<u>see</u> Docket Entry 9 at 1), raising questions about exactly what transpired with the delivery of the Notice and Motion.[4] In any event, the record does not reflect that Plaintiffs have attempted service "by mailing a copy of the [N]otice [and Motion] to the [Schamenses] at the[ir] last known address," N.C. Gen. Stat. § 1C-1603(a)(4). (<u>See</u> Docket

---

4 The Court notes that some states have modified their rules governing service in recognition of the modified signature procedures adopted by the United States Postal Service during the COVID-19 pandemic, under which mail carriers will not "obtain the signature of the addressee," <u>In re Response to the Covid-19 Pandemic-Amendment to Ark. Rule of Civ. Procedure 4(g)(1)(A)(ii)</u>, 2021 Ark. LEXIS 67, at *1 (Mar. 18, 2021). The rule change in Arkansas "retained the signed green card return receipt as a basis for effective service by mail and added a provision that also validates service by mail if the green card 'is executed as provided in the United States Postal Service procedures in place at the time of service.'" <u>Id.</u> at *3. No party has discussed an analogous change to North Carolina law, and independent research revealed none.

15

Entries dated Aug. 19, 2021, to present.)  As a result, to the extent Plaintiffs have sought an order deeming exemptions by David Schamens waived and setting a 7-day deadline for exemptions by Piliana Schamens (see Docket Entry 10 at 8), the Court denies those requests.

Second, the Schamenses remain entitled to "a hearing before the clerk to claim exemptions," N.C. Gen. Stat. § 1C-1603(e)(1); see N.C. Gen. Stat. § 1C-1603(e)(4) (mandating that clerk set such hearing upon request).  However, as acknowledged by the Schamenses (Docket Entry 8 at 2), their request for a hearing undermines the notion that they lack information about how to proceed; appearing for and participating in such hearing could constitute a waiver of proper service.[5]  Moreover, the Hearing Motion indicates an intent to address topics other than the designation of exemptions, the sole subject authorized by North Carolina law.  For example, despite a contrary representation by the Schamenses (see Docket Entry 13 at 3), the record reflects no need to consider "changed circumstances" at a hearing.  Although North Carolina law authorizes a judgment debtor or other interested person to modify a previous exemption, such motion must arise "in the original exemption proceeding," N.C. Gen. Stat. § 1C-1603(g).  No previous

---

    5  Alternatively, Plaintiffs could effect personal service before the start of such hearing.

exemption exists in this action, and no original exemption proceeding has occurred in this Court.[6]

Furthermore, the Court will not provide guidance on "what is exempt and what is not exempt" (Docket Entry 13 at 3) and will not entertain, via a discussion about "the entire issue of no proceedings pending" (id.), a collateral attack on the Judgment. On August 17, 2021, via the Hearing Motion, the Schamenses requested additional time (at least 20 days) to retain counsel and to explore the issue of exemptions. (See Docket Entry 8 at 2.) Given that approximately two months have elapsed since that time, the Schamenses have received more than a sufficient opportunity to undertake those efforts. If the Schamenses now prefer to designate their exemptions by motion, they may do so in accordance with N.C. Gen. Stat. § 1C-1603.

**IT IS THEREFORE ORDERED** that the Hearing Motion (Docket Entry 8) is **GRANTED IN PART** and **DENIED IN PART** as follows:

The Clerk shall serve the Schamenses with a copy of the "Notice of Right to Have Exemptions Designated" (Docket Entry 5) and shall notice this matter for a hearing at 10:30 a.m. on November 29, 2021, during which the Schamenses may designate their

---

6 As already mentioned, the Schamenses previously designated exemptions in state court. (See Docket Entry 10 at 3-4.) Those exemptions, apart from suggesting that the Schamenses "know and understand this process" (id. at 7), bear little relevance here, given that Plaintiffs have attempted to enforce a different judgment, see In re Pinner, 146 B.R. at 660 (noting that North Carolina law requires new notice before each execution).

exemptions in accordance with N.C. Gen. Stat. § 1C-1603.  If the Schamenses instead elect to designate their exemptions by motion, they shall file such motion by November 19, 2021.

This 21st day of October, 2021.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**

18