UNITED STATES DISTRICT COURT
DISTRICT OF NORTH CAROLINA –
MIDDLE DISTRICT

Civil Action Case No. 1:20-MC-00027-UA



DUGAN, et. al,

    Plaintiffs,

v.

INVICTUS ASSET MANAGEMENT, LLC, INVICTUS
CAPITAL GROWTH AND INCOME FUND, LLP
INVICTUS HOLDINGS, LLP, TRADEDESK CAPITAL LLC,
TRADEDESK FINANCIAL GROUP, INC., TRADESTREAM
ANALYTICS, LTD., INVICTUS INCOME FUND, LLP,
DAVID W. SCHAMENS, PHILLIPS WIEGAND JR.,
PILIANA M. SCHAMENS, INVICTUS REAL ESTATE
INVESTMENT, LLP, et. al.

    Defendants.

_____/

## MOTION FOR HEARING

Pursuant to what a Notice of Rights to have Exemptions Designated allows in the United States District Court, the Defendants David W. Schamens and Piliana M. Schamens hereby request a hearing with the Court to determine what exemptions may be allowed and secondly when such exemptions should be designated and filed. The Defendants show onto the Court the following:

1. On July 13, 2023, the Defendant David W. Schamens was served by the Guilford County Sheriff's office with a Notice of Rights to have Exemptions Designated in this case, and on July 14, 2023, the Defendant Piliana M. Schamens was served with a Notice as well by the Guilford County Sheriff's office.

2. Upon the Defendant's acknowledging receipt of service to the Plaintiff's counsel Todd Capitano that day, he alleged in an email sent from his phone on July 13, that he had already served the Defendants by mail on June 23, 2023. That mail was not received, but given the Defendant's time would have been 20 days by July 13, 2023 plus three days for the alleged original mailing, this Motion for a hearing is timely filed today on July 17, 2023.

3. The trickery entailed in sending service by the Sheriff's office was an attempt to deceive the Defendants in thinking they had time to respond when Capitano now contends the Defendants were lawfully served by mail (and email which was later found in junk) on June 23, 2023.

4. Defendant David W. Schamens is now the subject of a criminal indictment (which he profusely declares his innocence) in the New Jersey District Court which is unrelated to this judgment. Nevertheless, this indictment seeks forfeiture of assets which the Dugan parties are seeking to acquire in satisfaction of a completely dissimilar judgement and case.

5. This Notice prospectively violates the Defendant David W. Schamens' constitutional rights in the New Jersey case, and as such requires the Defendant to retain criminal counsel or allow his New Jersey counsel to be allowed admission to the Middle District of North Carolina to represent him.

6. The Defendants strongly contend this judgement was fraudulently obtained by fraud on the Court via a wrongfully filed default filed in the Court despite a valid settlement agreement. The fraud is in the allegations of the complaint which were made findings by default, to wit, the Plaintiff's alleged they invested $1.2 million over 15 years ago, and such funds were used to purchase the Defendant's house.

7. These allegations were never able to be litigated due to not only one, but two settlement agreements that were breached by the Plaintiffs. In fact, the Defendant's house was financed by a local bank for which the records were publicly available at the Register of Deeds, and the Plaintiffs knew and have acknowledged that. Further, the Plaintiff's only invested approximately $600,000 in stock and cash, and the Plaintiffs have repeatedly filed false affidavit after false affidavit knowingly trying to deceive the Court. The Defendants have had the bank statements for the investments made which also have been reviewed by the SEC in 2015-2018 resulting in a no action letter sent. The bank statements and accountant's review confirm the above.

8. The Plaintiffs have now deceived both the State and the Federal Courts into thinking they invested $1.2 million and in fact have COLLECTED over $1.4 million in property and cash already. Further, in the U.S. Government's complaints filed earlier this year and last year, they allege the Dugans have wrongfully received some of these funds (for different reasons). The Plaintiffs should not be allowed to further enrich themselves from this fraud on the Court by pursuing execution of yet another $700,000 judgement wrongfully obtained by false affidavits (with no supporting documentation), false allegations, and breached settlements.

9. In order to cover up this fraud, the Plaintiffs have engaged in the following after 2017: false reports to the FBI which the FBI after reviewing bank statements, immediately dropped their investigation. Likewise, the same complaints occurred with the SEC and a US Attorney between 2015 and 2020. To wit, the Plaintiffs have been engaged in a crusade to ruin the Defendants and use them as a piggy bank for their own financial failures. It should be noted that one of the Plaintiffs is a Mark Dugan, a well experienced collections attorney licensed with the State Bar of Texas. He has knowing committed fraud on the Court in his capacity as an officer of the Court.

10. Dugan has retained the firm of Erwin, Bishop and Capitano to pursue this since 2017. Bishop is Daniel Bishop, and Bishop originally reviewed and prospectively looked at representing the Defendants in the case in 2015 prior to his firm "switching sides" and representing the Dugans. At the time, the Defendants had given Bishop over 1 Terabyte of bank statements and every single accounting/document the Defendants and their company had. The Defendants went directly to Gray Wilson and complained about Bishop in 2017 and 2018 while he was President

of the North Carolina State Bar. Mr. Wilson interviewed both Lex Erwin Jr and Dan Bishop. Both denied ever talking or receiving documents from the Defendants despite numerous emails and dropboxes being shared with Bishop and his firm. To wit, they both lied to the President of the State Bar. Defendant David W. Schamens then complained to Bishop in 2019 that he had deceived Mr. Wilson and felt compelled to file an action with the State Bar. All of this is documented in emails and texts.

11. Mr. Bishop was then running for Congress, later winning and being appointed to the Homeland Security Committee in April 2020. Several months later, yet another investigation began into the Defendant David W. Schamens, this time by ICE, and 12 months later, Mr. Schamens house was 'raided' by ICE agents and all documents that supported the above allegations were taken. To this day, two years later, ICE and the U. S. Government refuse to even give copies back to the Defendants despite over five written requests and a Judge's order to do so.

12. Upon information, ICE has been weaponized by the Dugans and counsels Erwin, Bishop, and Capitano against Mr. Schamens, and to this day, such fraud on the Court continues. Counsels Erwin, Bishop, and Capitano have profited in the hundreds of thousands in legal fees taken from the Defendant's assets.

13. Further, Defendant's now have evidence regarding the above that shows Plaintiff's counsel deceived the Honorable Patrick Auld, presiding Magistrate Judge for the Middle District NC in a November 2021 and will present that evidence.

14. The Plaintiff's pursuit of a civil judgement for assets that the U. S. Government is seeking is a conflict that must be resolved first by the Criminal Courts, and while this motion is just for a hearing, not a stay on this civil judgement, the Defendants believe a stay is warranted.

Wherefore, the Defendants ask for a hearing allowing time for counsel to enter the case prior to that hearing.

This the 17th day of July, 2023

Respectfully submitted,

Piliana M. Schamens, Individually
812 Northern Shores Point
Greensboro, NC 27455
(336) 908-2762

David W. Schamens, Individually
812 Northern Shores Point
Greensboro, NC 27455
(336) 908-2762

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is a person of such age and discretion as to be competent to serve process.

That on July 17, 2023, she served a copy of the foregoing Defendants' ***MOTION FOR HEARING*** via United States First Class Mail, upon the following addresses:

Todd Capitano
4521 Sharon Rd Ste 250
Charlotte, NC 28211

_/s/ David W. Schamens_
David W. Schamens
812 Northern Shores Point
Greensboro, NC 27455
(336) 908-2762